**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SANDOZ INC., | |
| Plaintiff, | |
| v. | C.A. No. _____ |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, AND BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, | |
| Defendants. | |

**SANDOZ INC.'S MOTION FOR LEAVE TO FILE**
**COMPLAINT AND EXHIBITS E, F and L UNDER SEAL**

Plaintiff Sandoz Inc. ("Sandoz" or "Plaintiff"), by its attorneys, respectfully moves this

Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and

Procedure of the United States District Court for the District of Delaware 5.1.3 for entry of an

order permitting Sandoz to file under seal its Complaint and Exhibits E, F and L thereto.[1] In

support of its motion, Sandoz states as follows:

**INTRODUCTION**

1.    Sandoz has submitted an Abbreviated New Drug Application ("ANDA") to the

U.S. Food and Drug Administration ("FDA") seeking approval to market generic Nintedanib 100

mg and 150 mg capsules ("Sandoz's ANDA Product").

---

[1] Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3 requires that documents placed under seal be filed in accordance with CM/ECF procedures, which, in turn, requires that the authority for filing a document under seal be provided by a protective order or other order of the Court.

2.      Sandoz's Complaint arises under, *inter alia*, the Hatch- Waxman Act, which governs FDA's approval of both new and generic drugs. *See* 21 U.S.C. § 355.

3.      Sandoz's Complaint and accompanying exhibits are being filed contemporaneously with this motion.

4.      There is not yet a protective order in place to govern the handling of confidential information in this case or to permit the filing of papers under seal. Sandoz, therefore, requests an order sealing a portion of Sandoz's Complaint and Exhibits E, F and L thereto, as they contain highly confidential, non-public information related to Sandoz's ANDA Product.

5.      As discussed more fully below, the information Sandoz seeks to seal is the type of highly confidential information that a party would typically designate for confidential treatment under a protective order, or, until such an order is entered, under Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 26.2, which governs the handling of confidential documents.

## LEGAL STANDARD

6.      Federal Rule of Civil Procedure 26(c) provides that, for good cause shown, the Court can direct that certain matters be filed under seal. In addition, Local Rule 26.2 permits a producing party who believes it has confidential information to produce such information only to outside trial counsel.

7.      Although there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive," the right is "not absolute." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Republic of the Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660-62 (3d Cir. 1991) and *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986));

2

*see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). The movant overcomes the presumption of access if it shows "that the interest in secrecy outweighs the presumption." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344). The material needs to be "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

8.      Courts in the District of Delaware apply a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012). Additionally, courts in this District have noted that good cause exists to seal or redact information, including "trade secrets, and other proprietary technology." *Del. Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016); see also FED. R. CIV. P. 26(c)(1)(G) (identifying "confidential research, development, or commercial information" as one category of information that can be protected via court order).

9.      Here, good cause exists to seal select portions of Sandoz's Complaint and Exhibits E, F and L thereto, because they contain highly confidential, competitively sensitive information related to Sandoz's ANDA Product.  This is the type of confidential information that is routinely protected from public disclosure.

10.     If relief is not granted, Sandoz's highly confidential business information will be compromised, exposing Sandoz to substantial competitive and financial risks. Disclosure of this information to the public, particularly to competitors in this highly competitive industry, could result in substantial competitive harm to Sandoz. Competitors and others in the marketplace

might exploit such information to their advantage and benefit, and to Sandoz's detriment. Thus, disclosure of the highly confidential business information set forth in Sandoz's Complaint and Exhibits E, F and L will result in a clearly defined and serious injury to Sandoz. The Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). An exception to the presumptive openness of judicial proceedings is the protection of a party's interest in confidential commercial information where, as here, there is a sufficient threat of irreparable harm. *See In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 643, 664 (D.N.J. 2004) (citation omitted).

11. Further, there is no less restrictive alternative to the relief sought because this request is directed to only those documents containing Sandoz's highly confidential business information, the public disclosure of which would pose a competitive risk to Sandoz. Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. Thus, permitting Sandoz to file its Complaint and Exhibits E, F and L under seal will protect the confidentiality of the highly confidential business information contained in its ANDA. These interests in confidentiality outweigh any interest that may exist for public access to the details of Sandoz's ANDA.

12. The parties have not yet conferred on an agreed form of protective order to govern the handling of confidential information in this case. The sealed portions of Sandoz's Complaint and Exhibits E, F and L are the type of highly confidential information that would be designated for protection under such a protective order, or, until such an order is entered, under Local Rule 26.2.

13. Sandoz will comply with all applicable local rules and procedures regarding filing under seal through the Court's CM/ECF system, including the requirement to file redacted versions of the Complaint and Exhibits E, F and L within seven calendar days.

14. Sandoz therefore, respectfully requests entry of the attached order permitting the filing of the Complaint and accompanying exhibits under seal.

## CONFIDENTIAL INFORMATION

15. Good cause exists to seal a portion of the Complaint because it contains sensitive, non-public information. In particular, the Complaint contains sensitive and confidential details regarding the formulation of Sandoz's ANDA Product that if made public, would greatly benefit Sandoz's competitors, and therefore, severely harm Sandoz.

16. Similarly, Exhibits E, F and L to the Complaint contain further confidential details describing Sandoz's ANDA Product. More specifically, these exhibits contain a confidential excerpt of the ANDA Sandoz submitted to the FDA that identifies highly confidential information, including, among other information, a qualitative and quantitative description of the composition and formulation of Sandoz's ANDA Product. This data is non-public and highly confidential and, thus, Sandoz respectfully requests that the Complaint and Exhibits E, F and L thereto be sealed.

17. The Third Circuit has found that "[d]ocuments containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia, Inc. v. Applied Extrusion Techs.*, Inc., 998 F.2d 157, 166 (3d Cir. 1993). Further, courts in the Third Circuit have found that ANDA formulation information is precisely the kind of information eligible for protection, and that disclosure of similar confidential information amounts to good cause to seal or redact such information. *See Cipla Ltd. v. Boehringer Ingelheim Pharms. Inc.*, No. 1:22-cv-

5

00300-MN, D.I. 9, at 2 (D. Del. Mar. 7, 2022) ("The Court finds that disclosure of this type of information would cause a clearly defined and serious injury to Cipla because future competitors could use the details of Cipla's proposed ANDA product and regulatory strategy as a roadmap for their own potential products that could undercut Cipla's business interests."); *Supernus Pharms., Inc. v. Actavis, Inc.*, No. 13-4740(RMB/JS), 2015 WL 12838821, at *2 (D.N.J. June 3, 2015) ("[T]he Court finds that Actavis possesses a legitimate private interest in keeping these materials confidential . . . [and] that if the subject materials are made public Actavis could face a competitive disadvantage, therefore, it would be harmed."); *Impax Lab'ys, Inc. v. Zydus Pharms. (USA) Inc.*, No. 2:17-13476 (SRC)(CLW), 2018 WL 6416910, at *1-2 (D.N.J. Dec. 6, 2018) (granting motion to seal where record "refers to proprietary commercial and business interests, including information relevant to Defendants' . . . formulation of its ANDA product, which is presently unavailable to the public"); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 658, 664 (D.N.J. Feb. 5, 2004) (sealing papers concerning "the parties' products, research and development . . . formulas;" "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure"); *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharms., Inc.*, No. 14-4727 (NLH/KMW), 2015 WL 4715307, at *2-3 (D.N.J. Aug. 7, 2015) (granting motion to seal portions of documents containing "highly proprietary business information regarding the development, formulation, manufacture and sales of [Mylan's] ANDA products"); *Depomed, Inc. v. Purdue Pharma L.P.*, No. 13-571-MLC-TJB, 2017 WL 27460, at *1-3 (D.N.J. Jan. 3, 2017) (sealing confidential manufacturing and research and development processes and information as well as internal documents, such as laboratory notebooks).

18.     Additionally, Courts in this District have granted similar motions in the past, further demonstrating that this is the kind of information eligible for protection. *See, e.g., Cipla Ltd.*, No. 1:22-cv-00300-MN, D.I. 9 (D. Del. Mar. 7, 2022) (sealing information regarding the defendant's ANDA and proposed ANDA product); *Pfizer Inc. v. Glenmark Pharms. Ltd.*, No. 19-cv-01209-RGA, D.I. 13 (D. Del. Aug. 28, 2019) (*see also* D.I. 12, showing that the sealed information pertained to nonpublic trade secret information contained in the defendant's ANDA); *AbbVie Inc. v. Gilead Scis., Inc.*, No. 14-cv-00379-GMS, D.I. 6 (D. Del. Mar. 25, 2014) (see also D.I. 1, showing that the sealed information pertained to commercially sensitive and confidential business information).

19.     As discussed, the Complaint and Exhibits E, F and L contain non-public, highly confidential information concerning the proprietary formulation details of Sandoz's ANDA Product. This is competitively sensitive business information, which courts routinely protect.

20.     Further, Sandoz has taken significant efforts to maintain the confidentiality and security of its competitively sensitive business information.

21.     Public disclosure of this type of information would cause a clearly defined and serious injury to Sandoz at least because competitors could use the details of Sandoz's ANDA Product as a roadmap for their own potential products that, *inter alia*, could undercut Sandoz's business interests and/or could otherwise use such information to harm Sandoz's business interests. *See, e.g., Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Cipla Ltd.*, No. 1:22-cv-00300- MN, D.I. 9 (D. Del. Mar. 7, 2022).

22.     Good cause exists as to the confidential treatment of Sandoz's Complaint and Exhibits E, F and L in this Court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Sandoz respectfully requests that the Court enter an Order, in a form substantially similar to the proposed order submitted herewith, placing Sandoz's Complaint and Exhibits E, F and L under seal.

|  |  |
|---|---|
|  | HEYMAN ENERIO |
| OF COUNSEL: | GATTUSO & HIRZEL LLP |

Mark H. Remus
Laura A Lydigsen                          */s/ Dominick T. Gattuso*
CROWELL & MORING LLP              Dominick T. Gattuso (# 3630)
455 N. Cityfront Plaza Drive           300 Delaware Avenue, Suite 200
NBC Tower, Suite 3600                 Wilmington, DE 19801
Chicago IL 60611                          (302) 472-7300
mremus@crowell.com                 dgattuso@hegh.law
llydigsen@crowell.com

*Attorneys for Plaintiff Sandoz Inc.*

April L. Barnard
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
abarnard@crowell.com

Dated:  October 24, 2024